H. B. NELSON, Appellant, v. C. L. PETERSON, Appellee.

Bill of Exceptions : IDENTIFICATION OF EVIDENCE.

*Appeal from Monroe District Court.*—HON. DELL STUART, Judge.

FRIDAY, FEBRUARY 6, 1891.

*Haskell & Green* and *Seevers & Seevers,* for appellant.

*Ed. Morrison, H. L. Dashiel* and *J. C. Mabry,* for appellee.

GIVEN, J.—The appellee denies that the appellant's abstract is correct, and files an abstract setting out the bill of exceptions.  As the appellant has not filed any affirmance of his abstract, the appellee's must be accepted as to what is set out therein.   The bill of exceptions set out recites that the evidence " was taken down by the official short-hand reporter of said court, and in the form of depositions, and the said notes of said reporter were duly filed on the said fifteenth day of October, 1889, in the clerk's office of said court and made of record therein, and a true and correct transcript of said notes and evidence, including the documentary evidence, and exhibits made by said official reporter, is as follows :   [ Here the clerk will insert a complete and true transcript of all the evidence offered and introduced in the trial hereof.]"  The appellee moves to strike from the files and the record all evidence in the case, for the reason that it is not preserved in, or identified by, any proper bill of exceptions.   This motion must be sustained.   The bill of exceptions does not identify the evidence " by any unmistakable reference thereto."   If it may be said that it does identify the reporter's notes by the fact and date of filing, yet there is no identification whatever of the documentary evidence, which is shown to have been introduced.   See section 2834, Code, and notes.   As the entire assignment of errors rests upon the evidence, they cannot be considered in the absence of the evidence, and the judgment must, therefore, be AFFIRMED.